**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

STATE OF DELAWARE, )
)
v. ) ID No. 0906021444
)
ANEL HUBBARD, )
)
Defendant. )

## <u>ORDER</u>

1. On this 12th day of December, 2023, upon consideration of Defendant Anel Hubbard's ("Defendant") *pro se* Motion for Correction of an Illegal Sentence[1] and Motion for Transcripts[2] (the "Motions"), the sentence imposed upon Defendant, and the record in this case, it appears to the Court that:

2. On December 16, 1998, when Defendant was sixteen years old, he pled guilty to Robbery in the First Degree. On the same day, December 16, 1998, the Court sentenced him to fifteen years of Level V supervision, suspended after three years for one year and six months of Level IV supervision, followed by one year of Level III supervision.

3. Over the following decade, Defendant repeatedly committed offenses, for which the Court convicted and sentenced him. On September 17, 2003, Defendant

---

[1] D.I. 163. Defendant makes the motion pursuant to Superior Court Rule of Criminal Procedure 35(a). *Id.*
[2] D.I. 162.

was convicted of Escape in the Second Degree.  On February 7, 2005, Defendant was again convicted of Escape in the Second Degree.  On October 26, 2007, Defendant was convicted of Possession of a Controlled Substance Within 1000 Feet of a School.[3]

4.  On January 28, 2010, a Superior Court jury found Defendant guilty of Attempted Murder in the First Degree, five counts of Possession of a Firearm During the Commission of a Felony, Reckless Endangering in the First Degree, and Conspiracy in the Second Degree.  The Court declared Defendant to be a habitual offender based on his 1998, 2003, 2005, 2007, and 2010 convictions and sentenced him to twelve life terms of Level V supervision without the possibility of probation or parole.[4]  On May 5, 2011, the Delaware Supreme Court affirmed the judgment of the Superior Court.[5]

---

[3] *State v. Hubbard*, ID No. 0906021444, at 2-3 (Del. Super. May 17, 2019) (setting forth the procedural history of the case).

[4] *State v. Hubbard*, ID No. 0906021444, at 1 (Del. Super. June 29, 2022) (setting forth the procedural history of the case).

[5] *State v. Hubbard*, 2017 WL 480567, at *1 (Del. Super. Jan. 25, 2017) (setting forth the procedural history of the case).

5. Over the following thirteen years, Delaware courts dismissed Defendant's first[6] and second[7] motions for postconviction relief and his first,[8] second,[9] and third[10] motions for correction of an illegal sentence.

6. On August 24, 2023, Defendant filed the instant Motion for Correction of an Illegal Sentence, in which he asks this Court to find his January 28, 2010 sentences illegal.[11]

7. Defendant argues that his life sentences violate *Miller v. Alabama* because one of the convictions on which Defendant's habitual offender designation was based arose when he was a minor. Defendant argues that this means he was effectively sentenced to mandatory life without parole as a minor, which would violate *Miller*.

8. *Miller v. Alabama* bars "mandatory life without parole for those under the age of 18 at the time of their crimes."[12] This rule has been made retroactive in criminal cases on collateral review.[13]

---

[6] *Id.* at *1, 11, *aff'd*, 2018 WL 526597 (Del. Jan. 23, 2018).
[7] *State v. Hubbard*, ID No. 0906021444 (Del. Super. June 22, 2018), *aff'd*, 2018 WL 4212139 (Del. Sept. 4, 2018).
[8] *State v. Hubbard*, ID No. 0906021444 (Del. Super. May 17, 2019), *aff'd*, 2019 WL 4180410 (Del. Sept. 3, 2019).
[9] *State v. Hubbard*, ID No. 0906021444 (Del. Super. Jan. 27, 2020), *aff'd*, 2020 WL 5498687 (Del. Sept. 10, 2020).
[10] *State v. Hubbard*, ID No. 0906021444 (Del. Super. June 29, 2022), *aff'd*, 2022 WL 16942123 (Del. Nov. 14, 2022).
[11] D.I. 163.
[12] 567. U.S. 460, 465 (2012).
[13] *State v. Shah*, 2017 WL 5075368, at *1 (Del. Super. Oct. 31, 2017) (quoting *Montgomery v. Louisiana*, 577 U.S. 190, 206 (2016)) .

3

9. Defendant's argument that his January 28, 2010 sentence is illegal is not supported by the law. Pursuant to Rule 35(a), this Court "may correct an illegal sentence at any time." A sentence is illegal if it:

> exceeds statutory limits, violates double jeopardy, is ambiguous with respect to the time and manner in which it is to be served, is internally contradictory, omits a term required to be imposed by statute, is uncertain as to its substance, or is a sentence that the judgment of conviction did not authorize.[14]

10. None of the rationales for finding a sentence illegal apply in the instant case. Defendant's life sentences do not violate *Miller*.[15] The Court did not sentence him to mandatory life without parole for crimes committed when he was under the age of eighteen. Defendant's 2010 sentences were imposed on him as an adult, and his designation as a habitual offender based on his prior convictions was proper.

11. On August 24, 2023, Defendant filed the instant Motion for Transcripts, in which he asks this Court to compel Nemours Children's Hospital, Delaware, previously named the Nemours/A.I. duPont Hospital for Children, to produce his juvenile medical records. Defendant believes that these records were submitted to the Court when he pled guilty to Robbery in the First Degree in December 1998.

---

[14] *Flonnory v. State*, 2017 WL 3634216, at *1 (Del. Aug. 23, 2017).
[15] *See Shah*, 2017 WL 5075368, at *1 (holding that *Miller* does not apply to those who were over eighteen years old at the time of the offense); *Flonnory*, 2017 WL 3634216, at *1 (stating that *Miller* does not apply to a sentence imposed on a non-minor).

4

12.  Superior Court Criminal Rule 44(f) describes the procedure by which a defendant can request a transcript.  This Court recognizes no "blanket constitutional right to a free transcript for the purpose of preparing a post-trial motion."[16]  Here, Defendant failed to identify any specific proceeding from which a transcript could be produced.  A motion for transcripts is not the proper vehicle for the relief he seeks.

13.  Defendant has not established a basis for sentence correction and has nothing pending before the Court which requires the records he demands.  Hence, Defendant's Motions are **DENIED.**

**IT IS SO ORDERED.**

_____
Sheldon K. Rennie, Judge

Original to Prothonotary

cc:    Anel Hubbard (SBI #00337191)

---

[16] *State v. Guinn*, 2011 WL 5975449, at *1 (Del. Super. Nov. 8, 2011) (quoting *State v. Allen*, 2002 WL 31814750, at *1 (Del. Super. Nov. 4, 2002)).  The defendant must show a "particularized need" for the transcripts.  *State v. Lampkins*, 2016 WL 5884961, at *1 (Del. Super. Oct. 6, 2016) (quoting *Freeman v. State*, 2003 WL 1857605, at *1 (Del. Apr. 8, 2003)).